GRIFFIN, J.
Florida Hospital Waterman, Inc. [“Florida Hospital”], the defendant below, timely appeals a nonfinal order determining all issues of liability in favor of Eustis Emergency Physicians, Inc. [“Physicians”], the plaintiff below, in a suit for breach of contract.
On November 15, 1995, Physicians entered into a written “Professional Services Agreement” [“the contract” or “the agreement”] with Florida Hospital. Pursuant to the contract, Physicians was required to staff the hospital’s emergency room and provide other emergency services for the hospital. On July 9, 1996, Florida Hospital notified Physicians that it was in breach of the contract because of its failure to keep the emergency department “fully staffed” and to meet eleven of nineteen performance standards set forth in an appendix to the agreement. The hospital gave Physicians thirty days to cure the deficiencies or face termination of the contract.
*1059 Physicians disputed certain of the criticisms contained in Florida Hospital’s performance review and contended that it had cured or was in the process of curing the remaining deficiencies. Florida Hospital found the response to its complaints unsatisfactory, terminated the contract by letter dated August 16, 1999, and set November 1, 1996, as the effective date of termination.
Physicians demanded that Florida Hospital submit the parties’ dispute to Florida Hospital’s executive committee for resolution, and ultimately to the hospital’s Board of Trustees, pursuant to paragraph 7 of the contract. Florida Hospital refused, contending that the dispute resolution procedures set forth in paragraph 7 were inapplicable to the parties’ dispute. Florida Hospital maintained that “the situation does not represent a dispute regarding the agreement as you assert; rather it clearly relates to the shortcomings of [Physicians] in meeting our service expectations.” On September 1, 1996, Physicians ceased providing emergency services to Florida Hospital, which was then required to obtain coverage for its emergency room from' alternative sources, allegedly at significant cost.
Physicians brought suit on April 2, 1997. Physicians’ one-count complaint asserted that Florida Hospital had breached the parties’ contract by: (1) terminating the contract without cause and (2) refusing to submit the dispute to the hospital’s board, as required by paragraph 7 of the contract. Florida Hospital denied the material allegations of the complaint and asserted that the termination complied with the procedures set forth in paragraph 10A(1). Florida Hospital also filed a counterclaim for damages, contending that Physicians had breached its obligations under the contract by the failure to provide emergency room services from September 1, 1996 until November 1, 1996, the date which the hospital had selected as the effective date of termination. Additionally, Florida Hospital asserted a claim for a billing service it hired to handle certain billing functions which were to be provided by Physicians during this same period.
On June 30, 1998, Physicians filed the first of two motions for partial summary judgment, asking the court to construe the contract between the parties and to determine the applicability of paragraph 7 to the dispute in this case, which Physicians claimed required the parties to submit their dispute to Florida Hospital’s executive committee for resolution. The provision stated:
7. DISPUTE RESOLUTION.
In the event any disagreement arises regarding the terms of this Agreement, such disagreement will be referred to the Executive Committee of the Medical Staff of Hospital for resolution. The disagreement, along with the recommendation of the Committee, will be submitted to joint Conference Committee of the Hospital’s Board of Trustees for decision. After the Board of Trustee’s decision, such disagreement may be submitted to arbitration, but only upon the consent of both parties to this Agreement. In the event such arbitration is chosen, it will be by a single arbitrator in accordance with the rules of the American Arbitration Association.
Florida Hospital contended that paragraph 7 was inapplicable to the parties’ dispute, since it applied only to a dispute over the “terms” of the agreement, not its “performance.” The hospital also cited Paragraph 10 of the agreement as the basis of its right of termination. The provision stated:
10. TERMINATION OF AGREEMENT:
A. Unilateral Termination. This Agreement may be terminated as follows:
(1) Hospital may terminate this Agreement in the event [Physicians] or Director fails to perform in accordance with the terms of this agreement including the performance criteria set forth in Exhibit “A” attached hereto; provided, *1060 however, that no such termination shall occur unless Hospital gives written notice of such breach and such breaching party does not cure such breach or make a substantial effort to cure such breach, to the satisfaction of Hospital, within thirty (30) days after receiving notice.
The lower court granted Physicians’ motion for partial summary judgment, finding that any dispute between the parties had to be submitted to Florida Hospital’s Medical Staff Executive Committee [“Executive Committee”], including a dispute over whether Florida Hospital had properly exercised its right to terminate the agreement pursuant to Paragraph 10A(1). The court held:
Paragraph 7 must apply to paragraph 10A(1) because, otherwise, paragraph 10A(1) would be a futile exercise. It does not make any sense to give complete authority to Hospital to terminate [Physicians] for failing to perform in accordance with the terms of the agreement when paragraph 10A(1) allows [Physicians] to cure such breach or make substantial effort to cure the breach. Hospital would then be free to fire [Physicians] for any reason at all and just claim that [Physicians] has not cured a breach to Hospital’s satisfaction. Paragraph 7 must have been put into the contract in order to resolve an issue such as the one before the Court now.
Having obtained a ruling that all disputes concerning the contract had to be submitted to the Executive Committee, Physicians then sought summary judgment on both the complaint and counterclaim on the issue of liability. Physicians urged that Florida Hospital had plainly breached the contract by its refusal to comply with paragraph 7 and that Florida’s Hospital breach of paragraph 7 was somehow conclusive of all liability issues raised in both the complaint and counterclaim.
Florida Hospital opposed Physicians’ motion for summary judgment, arguing that: (1) Physicians’ prior breach of the contract precluded a finding of liability on the part of Florida Hospital; (2) the question of Florida Hospital’s liability was an issue of fact; and (3) there was no basis for finding Florida Hospital liable for breach of contract, since Florida Hospital would have ultimately prevailed had the issue been presented to the board. Florida Hospital also contended that Physicians was liable for the cost of obtaining emergency room coverage from September 1, 1996 up until November 1, 1996, since these expenses were incurred due to Physicians’ breach of the parties’ contract. Florida Hospital filed two affidavits in opposition to Physicians’ motion, in which the affiants stated, among other things, that Florida Hospital would have prevailed had the dispute been submitted to the hospital’s Executive Committee because Physicians had breached the party’s contract and industry standards by using too many physician assistants to treat patients, instead of medical doctors. After considering memoranda submitted by the parties, the lower court agreed with Physicians that Florida Hospital’s refusal to follow paragraph 7 in resolving the dispute over the alleged deficiencies in Physicians’ performance was a breach of the contract conclusive of all issues of liability in both the complaint and counterclaim.
Florida Hospital’s initial argument on appeal concerns the predicate ruling which forms the basis of the summary judgment entered by the trial court — that paragraph 7 of the parties’ contract required the parties to submit all disputes to the Executive Committee for resolution. We agree that paragraph 7 appears to require the parties to submit only those issues pertaining to the terms of the agreement, i.e. what the agreement means. The parties’ performance under the agreement, however, does not appear to be controlled by paragraph 7, but by contract law. Florida Hospital can terminate the contract for breach due to Physicians’ failure to perform its obligations under the agreement without submitting the question to the Executive Committee. It must only give notice and an opportunity to cure. If the cure is not satisfactory, it may terminate the agreement. This does not make the *1061 contract illusory as the lower court suggested because the predicate for unilateral termination remains Physicians’ breach due to failure to perform as required by contract. The “to the satisfaction of the Hospital” language is an objective standard limited by the duty of good faith.
It is possible, of course, that a dispute over performance can arise out of a dispute over the meaning of a “term,” but by no means is it necessarily so. One of the contractual provisions, for example, requires:
Attend 9 of the 12 Executive Committee and Medical Staff Meetings, one-half of the annual Department of Medicine meetings, and at least three Department of Surgery meetings per year.
If the alleged breach is lack of attendance, there is no debate about the term of the agreement, only whether it was breached. If the dispute is over a different term, such as what a “fully staffed” emergency room means, the issue should go to the Executive Committee for clarification. If the disagreement is whether the goal was met, the court should determine this issue of breach. We do recognize, however, that a skilled trial judge studied the same provisions we have discussed and concluded that the document unambiguously meant the opposite of what we have said. Thus, it would be fair to concede the possibility of ambiguity, especially since the provision at issue is unusual and the subject matter highly specialized. We therefore take the middle ground and conclude that the question whether paragraph 7 is intended to apply to a dispute over the terms of the agreement or whether it is intended to apply to any dispute arising between the contracting parties is a question of fact precluding summary judgment.
REVERSED and REMANDED.
GOSHORN and THOMPSON, JJ., concur.